1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                         EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| DAVID A. LEON, ) | 1:10-cv-01479 AWI GSA |
|        Plaintiff, ) | |
|    v. ) | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR REMAND** |
| TARGET CORPORATION, a Minnesota corporation, SONYA MORGAN, an individual, DESIREE MCGOWAN, an individual, ISRAEL GURROLA, an individual, JORDAN SHARP, an individual, and DOES 1 through 20, inclusive, ) | (Documents 5 & 6) |
|        Defendants. ) | |
| _____ ) | |

19
20              **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

21          Plaintiff was employed by Defendant Target Corporation from November 1997 until his

22   discharge in April 2010.  (Doc. 1, Ex. A, ¶ 1.)  Plaintiff was a Sales Floor Team Leader prior to

23   his termination, having been promoted a number of times and receiving salary increases during

24   the course of his employment, based upon satisfactory job performance.  (Doc. 1, Ex. A, ¶ 13.)

25   In February 2008, Plaintiff son's was born.  The infant was diagnosed with renal failure, and as a

26   result, Plaintiff was on leave pursuant to the California Family Rights Act ("CFRA") until May

27
28                                         1

2008 in order to provide care for his son.  (Doc. 1, Ex. A, ¶ 14.)  Between May 2008 and April

2009, Plaintiff took intermittent CFRA leave due to his son's serious medical condition.  (Doc. 1,

Ex. A, ¶ 15.)  After each return to work, Plaintiff claims "Defendants hyper-scrutinized his job

performance and criticized him for minor infractions," and believes Defendants did so "because

he is associated with a person who is disabled (his son) and because he took leave to care for his

son's serious medical condition."  (Doc. 1, Ex. A, ¶ 15.)

In October 2008, Defendants Gurrola and Sharp "targeted Plaintiff for termination" and

"began a campaign" because Plaintiff took CFRA leave in order to care for his son.  (Doc. 1, Ex.

A, ¶ 16.)  Shortly after Plaintiff returned from leave following his son's surgery prior to

December 2008, McGowan prepared a written disciplinary notice involving "false accusations of

'unsatisfactory work performance.'"  Plaintiff complained to Defendant Sharp and another

manager, but no action was taken.  (Doc. 1, Ex. A, ¶ 17.)

In May 2009, Plaintiff complained to Defendant Sharp that he had been subjected to

discrimination and retaliation for taking CFRA leave, however no action was taken.  (Doc. 1, Ex.

A, ¶ 19.)  In October 2009, Plaintiff filed a charge of discrimination against Defendant Target

Corporation with the Equal Employment Opportunity Commission ("EEOC").  Thereafter,

"hyper-scrutiny" and unjustified criticism of Plaintiff's work continued.  In January 2010,

Defendant Gurrola prepared "another form of written discipline based on false allegations."

Plaintiff was placed on a one-year period of probation and threatened with termination.  (Doc. 1,

Ex. A, ¶ 22.)

Until his termination on April 28, 2010, Defendants continued to harass Plaintiff by

falsely claiming his job performance was not satisfactory.  (Doc. 1, Ex. A, ¶ 23.)

On or about July 12, 2010, Plaintiff  filed a complaint against Defendants Target

Corporation, Sonya Morgan, Desiree McGowan, Israel Gurrola and Jordan Sharp in the Fresno

County Superior Court.  Plaintiff alleged a failure to prevent discrimination and harassment,

retaliation, discrimination and retaliation for exercising rights, and wrongful termination against

2

1  Defendant Target Corporation, as well as retaliation in violation of California Labor Code

2  section 923.  Plaintiff's final claim asserts defamation - slander per se and expressly identifies all

3  Defendants.  (*See* Doc. 1, Ex. A.)

4      On or about August 10, 2010, Defendant Target Corporation filed its answer to the

5  complaint.  (*See* Doc. 1, Ex. B.)

6      On August 13, 2010, Defendants Target Corporation, Sonya Morgan and Jordan Sharp

7  filed a Notice of Removal in this Court.  The pleading asserts the Target Corporation was served

8  with service of process via its agent for service of process on July 14, 2010; Morgan and Sharp

9  were personally served on July 19, 2010.  (Doc. 1.)[1]

10      On August 18, 2010, Plaintiff filed the instant motion.  (Docs. 5-7.)

11      On August 20, 2010, Defendants Morgan, Sharp and McGowan filed a motion to dismiss.

12  (Doc. 10.)  On September 13, 2010, Defendant Gurrola filed a motion to dismiss.  (Doc. 10.)  On

13  September 15, 2010, Plaintiff filed oppositions to the motions to dismiss.  (Docs. 16-17.)[2]

14      On September 24, 2010, all Defendants filed an opposition to the instant motion to

15  remand these proceedings to state court.  (Doc. 18.)  On September 28, 2010, Plaintiff filed his

16  reply.  (Doc. 21.)

17      On October 6, 2010, this Court determined the matter was suitable for decision without

18  oral argument pursuant to Local Rule 230(g).[3]  The hearing scheduled for October 8, 2010, was

19  vacated and the matter was deemed submitted for written findings.  (Doc. 22.)

20

21

22      [1]When the notice of removal was filed, Defendants McGowan and Gurrola had not yet

23  been served with process.  (Doc. 1 at 2, ¶ 2.)

24      [2]The motions to dismiss are presently calendared to be heard before Chief Judge Anthony

25  W. Ishii on November 1, 2010, at 1:30 p.m.  (Docs. 13 & 15.)

26      [3] The Court carefully reviewed and considered all of the pleadings, including arguments,
points and authorities, declarations, and exhibits.  Any omission of a reference to an argument or

27  pleading is not to be construed that this Court did not consider the argument or pleading.

28                                      3

**LEGAL STANDARD**

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ." Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009). The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

A defendant seeking to avoid remand must prove fraudulent joinder. In other words, defendant must prove that plaintiff has named a defendant against whom no cause of action lies and that defendant's joinder defeats diversity jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant is fraudulently joined when there is no possibility that the plaintiff will succeed in establishing his or her liability. *Good v. Prudential Ins. Co.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998). There is a general presumption against fraudulent joinder, and the burden on defendant is a "heavy one." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Davis v. Prentiss Props. Ltd., Inc.*, 66 F.Supp.2d 1112, 1113 (C.D. Cal. 1999). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206. "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional fact." *Davis*, 66 F.Supp.2d at 1113.

**DISCUSSION**

Plaintiff contends this matter must be remanded to state court because all Defendants did not join in the petition for removal,[4] and because Defendants cannot establish the complaint fails to state a claim for defamation.  (Doc. 6.)  Defendants contend that individual Defendants Sharp, Morgan, McGowan and Gurrola were included "in an attempt to defeat diversity" and that Plaintiff's effort fails "because the defamation claim ple[]d against the individuals is meritless as a matter of law."  (Doc. 18 at 2.)

***Plaintiff's Complaint***

The complaint filed in the Fresno County Superior Court provides, in relevant part:

> By the above-described acts, incorporated herein, and Defendant TARGET, through its agents, Defendants MORGAN, MCGOWAN, GURROLA and SHARP, and other employees, acting within the course and scope of their agency or employment, at least in part, caused to be published, false and unprivileged communications tending directly to injure Plaintiff in his business and professional reputation.  Specifically, Defendants, and each of them, told others, including subsequent potential employers, expressly or by implication, that Plaintiff was a poor performer, incompetent and negligent in performing his job duties.  In fact, Plaintiff was at all times material herein, a competent, responsible, loyal and satisfactorily performing employee.
>
> The defamatory publications consistent of oral and possibly written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation.  These publications included the following false and defamatory statements . . . with the meaning and/or substance that Plaintiff performed his job poorly, that he was deserving of disciplinary actions and that he deserved to be terminated from his job.  These and similar statements published by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was incompetent and a poor employee.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> The statements set forth above were published with express and implied malice, and without privilege, on the part of Defendants, and each of them, and with design and intent to injure Plaintiff in his good name, reputation and employment.  These publications were outrageous and negligently, recklessly, intentionally and maliciously published and republished by employees and agents, known and presently unknown, including Defendants MORGAN, MCGOWAN, GURROLA and SHARP, and each of them.  Plaintiff is informed and believes that the negligent, reckless and intentional publications by Defendants, and each of them, were and continue to be, forseeably published and republished by Defendants, their agents, employees and recipients, in the community.  Plaintiff hereby seeks damages . . ..

---

[4]*See* n. 1, *ante.*

5

1

2

3

> As a proximate result of the defamatory statements made by the Defendants, and each of them . . . Plaintiff has suffered injury to his business and professional reputation, and has further suffered, and continues to suffer embarrassment, humiliation, and anguish all to his damage in an amount to be proven at trial.

4

5

> The conditions surrounding the Plaintiff's employment, and to which Plaintiff was subjected, and the willfully false statements uttered about him . . . caused Plaintiff to suffer emotional distress. . . .

6

(Doc. 1, Ex. A, ¶¶ 56-63, some punctuation marks omitted.)

7

### *Defamation*

8

Defamation consists of either libel or slander.  Cal. Civ. Code, § 44.  "Libel is a false and

9

unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the

10

eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to

11

be shunned or avoided, or which has a tendency to injure him in his occupation."  Cal. Civ.

12

Code, § 45.  California Civil Code section 46 provides, in relevant part:

13

> Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:

14

> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

15

16

> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits . . . .

17

18

To state a claim for defamation, Plaintiff must establish "the intentional publication of a

19

statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes

20

special damage."  *Smith v. Maldonado*, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999).

21

Under California law, the defamatory statement must be specifically identified, and Plaintiff must

22

plead the substance of the statement.  *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1216

23

(C.D. Cal. 2004); *see also Okun v. Superior Court*, 29 Cal.3d 442, 458, 175 Cal.Rptr. 157, 629

24

P.2d 1369 (1981) (a plaintiff must plead the alleged libelous words).  A publication is

25

communication to some third person who understands the defamatory meaning of the statement

26

27

28

6

and its application to the person to whom reference is made. *Smith v. Maldonado*, 72 Cal.App.4th at 645.

With regard to privileged communications, California Civil Code section 47(c) provides as follows:

> In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee.

### *Analysis*

Plaintiff contends that he has stated a defamation claim against California residents Morgan, McGowan, Gurrola and Sharp, and therefore diversity jurisdiction is foreclosed, and this matter must be remanded to state court because this Court lacks subject matter jurisdiction. Defendants contend that Morgan, McGowan, Gurrola and Sharp were fraudulently joined to defeat diversity and that the defamation claim asserted by Plaintiff is barred by California law.

Defendants have failed to establish that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action" for defamation against Defendants. *See Hamilton Materials, Inc.*, 494 F.3d at 1206; *Davis*, 66 F.Supp.2d at 1113. Plaintiff's complaint asserts intentional publication of statements of fact that are false, unprivileged, and have a natural tendency to injure or cause special damage. *Smith v. Maldonado*, 72 Cal.App.4th at 645. Defendants have purportedly "told others, including subsequent potential employers . . . that Plaintiff was a poor performer, incompetent and negligent . . .." (Doc. 1, Ex. A, ¶ 56.) Plaintiff's personal, business and professional reputations have been harmed as a result, and Plaintiff suffers embarrassment, humiliation and anguish. (Doc. 1, Ex. A, ¶¶ 57, 62.) Publication has occurred in the form of communication to subsequent potential employers and others who continue to work

7

for Defendant Target Corporation.  (Doc. 1, Ex. A, ¶ 58.)  Plaintiff expressly avers the false

defamatory statements were made with malice and ill will, and thus the statements are not

privileged communications.  (Doc. 1, Ex. A, ¶¶ 59-61, 64, 66.)  Even if there exists some

pleading deficiency with regard to specificity in this regard, that deficiency does not establish

that Morgan, McGowan, Gurrola and Sharp were fraudulently joined.  *See Hamilton Materials,*

*Inc.*, 494 F.3d at 1206; *Davis*, 66 F.Supp.2d at 1113.

Defendant's reliance on the court's opinion in *Jensen* is misplaced.  *Jensen*, 14

Cal.App.4th at 965, 18 Cal.Rptr.2d 83.  In *Jensen*, the court held that comments made on a

performance evaluation are non-actionable statements of opinion, "unless an employer's

performance evaluation falsely accuses an employee of criminal conduct, lack of integrity,

dishonesty, incompetence or reprehensible personal characteristics."  *Id*.  The court reasoned that

"the word 'evaluation' denotes opinion, not fact" and that the purpose of the document was "as a

management tool for examining, appraising, judging, and documenting the employee's

performance."  *Id*. at 970, 18 Cal.Rptr.2d 83.  The facts of *Jensen* are readily distinguishable

from the facts in this case.  Here, Plaintiff's complaint expressly references assertions that

Defendants told others he was "incompetent," that the "statements were understood as assertions

of fact, and not as opinion," and that the statements "were published with express and implied

malice, and without privilege . . .."  (Doc. 1, Ex. A, ¶¶ 55-66.)

In sum, this Court finds Defendants have not met their heavy burden of establishing

removal was proper.  Further, this Court finds individual Defendants Morgan, McGowan,

Gurrola and Sharp were not fraudulently joined to defeat diversity jurisdiction.  Neither have

Defendants established that there is "absolutely no possibility" that Plaintiff can establish a cause

of action for defamation in state court.

**FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, this Court hereby recommends that Plaintiff's Motion for Remand be GRANTED and the matter be remanded to the Fresno County Superior Court for further proceedings.

These findings and recommendations are submitted to Chief Judge Anthony W. Ishii, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   **October 19, 2010**                       **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE